# THIRD DEPARTMENT.

## GENERAL TERM, NOVEMBER, 1873.

CITY OF OGDENSBURG v. LOVEJOY *et al.*, appellants.

*Demurrer — insufficient defense — adverse user — nuisance.*

Plaintiff brought action for breach of a city ordinance and set forth that defendant, in violation of such ordinance, did " cast and deposit in O. river, which forms one of the harbors in said city, and in a raceway leading from defendants' mill into said river, the same being one of the water channels of said city, sawdust, etc., which had the effect to fill up and obstruct the water channels and harbors of said city, etc. Defendants set up in answer, among other things, that the raceway is not a part of the O. river, nor a public highway, nor the property of the city, but an artificial channel belonging to defendants and used by them for upward of twenty years to float sawdust, etc.

*Held,* that this did not meet the charge that defendants cast and deposited sawdust, etc., in the O. river, which filled up and obstructed the water channels, etc, and was an insufficient defense, and bad on demurrer. Defendants had no right to so use their raceway as to fill up and obstruct the water channels of the city, and the legislature had a right to make provision to pervent the abuse of defendants' right of using their raceway by prescribing the mode and manner of using it.

*Held,* also, that filling up the channels and harbors was a public nuisance which no length of time would legalize.

APPEAL from an order sustaining a demurrer to the answer. The facts sufficiently appear in the opinion.

*Vary & Stone,* for appellants.

*Meyers & Morris,* for respondent.

PARKER, J. This action is brought to recover a penalty for a breach of an ordinance of the common council of the city of Ogdensburg, which is as follows: " No person shall cast or deposit, or suffer or procure to be cast or deposited in the Oswegatchie river, or

in any canal, raceway or pond leading into said river, in this city, any sawdust, shavings, chips, tan-bark, earth or refuse matter from any saw-mill, machine shop, tannery, or shop or manufactory of any kind, under the penalty of fifty dollars for each offense."

The complaint, after setting forth the fact that the plaintiff is a municipal corporation, incorporated and organized under and by virtue of an act of the legislature, etc., and that pursuant to section 21 of said act, as amended by section 3 of an act entitled, etc., the board of common council of said city, duly made and adopted the ordinance which is above set forth, proceeds to allege the violation thereof by defendants, as follows: "and the plaintiff further shows, that the defendants afterward, to wit, on or about the 1st day of September, 1871, in said city, did, contrary to and in violation of the ordinance aforesaid, cast and deposit, and did procure and cause to be cast and deposited in the Oswegatchie river, which forms one of the harbors in said city, and in the raceway leading from defendants' mill or shop, into said river, the same being one of the water channels of said city, certain sawdust, shavings, chips, bark and other refuse matter from his mill or shop aforesaid, which had the effect to fill up and obstruct, and does fill up and obstruct, the water channels and harbors of said city, whereby," etc.

The defendants answered the complaint by,

*First.* An admission of the fact that they did, at the time stated in the complaint, deposit sawdust in their raceway leading from their mill to the Oswegatchie river, and without denying any fact set forth in the complaint, and by alleging,

*Second.* That the defendants, and those under whom they claim, have been in the quiet and peaceable possession of the premises whereon the several acts complained of occurred for more than fifty years, preceding the commencement of this action, and have exercised full control and authority over said premises to the exclusion of all others.

*Third.* That the said raceway is not a part of the Oswegatchie river, nor a public highway, nor the property of the city, but is an artificial channel, belonging to defendants and others, and has been used by them for upward of twenty years to float sawdust, etc., from their mill, and that no compensation has been paid them, or their grantees, for such easement or their relinquishment thereof.

*Fourth.* That such raceway discharges its waters into the harbors of the Oswegatchie river, which are connected with and are part of

the navigable waters of the St. Lawrence river, and the United States have exclusive jurisdiction and control over them.

*Fifth.* That the State of New York had and has no authority to pass said act, under which the ordinance was passed, without providing for awarding compensation to defendants.

To the second, third, fourth and fifth defenses, and the matters therein set forth, respectively, the plaintiff demurred on the ground that they do not, nor does either of them, constitute a defense or counter-claim.

In the case of *City of Ogdensburg* v. *Lyons,* which was an action for a similar violation of the same ordinance, when it was before us at a former term, we examined and decided all the questions raised by this demurrer, except that raised by the demurrer to the third defense.

This defense viewed as covering, both the claim of property in the defendants, in the raceway in which they deposited sawdust, and the claim of an adverse user of the race for more than twenty years does not fully meet the case, nor, so far as it does meet it, can it be sustained.

It does not meet and cover the allegation in the complaint, that defendants did cast and deposit, and did procure, and cause to be cast and deposited *in the Oswegatchie river,* which forms one of the harbors in said city, certain sawdust, etc., which does fill up and obstruct the water channels and harbors of said city, but is confined in its allegations to the raceway leading from defendants' mill to the said river. It is therefore an insufficient defense, and bad on demurrer.

But so far as it meets the complaint by its allegations in respect to the race, it is also in law insufficient.

As to the question of property in the race, that fact is no answer to the other admitted fact, that defendants deposited sawdust in their race leading to the Oswegatchie river, which had the effect to fill up and obstruct, and did fill up and obstruct the water channels and harbors of the city. The maxim, *sic utere tuo, ut alienum non laedas,* applies.

Although "a provision for compensation is a necessary attendant on the due and constitutional exercise of the power of the lawgiver to deprive an individual of his property without his consent, * * * it is still to be understood that the lawgiver has a right to prescribe the mode and manner of using it so far as may be necessary to pre-

vent the abuse of the right, to the injury or annoyance of others, or the public." 2 Kent's Com. (1st ed.) 275, 276.

As to the question of an adverse user for twenty years, such defense is not applicable to such a case as this. As against the right of the legislature, or the common council, under its authority, to make provision for preventing the filling up of the public water channels and harbors, the fact that an owner of land adjacent to such channels or harbors has, for twenty years or more, done acts upon his own land, the effect of which was to fill up such channels and harbors, is clearly no defense. The doing of such acts amounts to a public nuisance. The harbors are for the public use, and the obstructing and filling them up, it cannot be doubted, constitutes a common or public nuisance.

" No length of time will legalize a nuisance. *Nullum tempus occurrit respublicae,* applies with unmitigated force against a public nuisance." *Dygert* v. *Schenck,* 23 Wend. 448.

Such being our conclusion as to the question raised by the *third* defense, in both its branches, and the points of the other defenses being made by our former decision, *res adjudicata,* which we cannot here re-examine, it results that we must affirm the judgment appealed from, with costs.

MILLER, P. J., and P. POTTER, J., concurred.

*Judgment affirmed.*